DECISION
This matter is before the Court for decision, after an evidentiary hearing, on the Defendant's motion to suppress breathalyzer results due to noncompliance with G.L. 1956 § 31-27-2(c)(5) requiring machine certification as a condition precedent to admission of blood alcohol readings.
On May 11, 2009, the Defendant was stopped for speeding by a member of the Tiverton Police Department and thereafter submitted to a chemical breath test at the police station. The machine utilized by the administering officer was an Intoxilyzer 5000 bearing the serial number 68-013382. The Defendant subsequently requested the machine's certification records from the Department of Health (hereinafter "DOH") to ensure compliance with the aforementioned subsection's requirement of proof of the machine's accuracy by DOH tests conducted upon it within thirty days preceding the arrestee's test. See section 31-27-2(c)(5). The DOH did forward the requested documentation, dated May 1, 2009, but it certified an Intoxilyzer 5000 with a serial number of 68-010642 noting that the machine was a "health department loaner instrument." (Joint Ex. 1D.)
The State asserts that the transcription of the wrong serial number was the result of an inadvertent mistake by the DOH's testing supervisor, Richard Minogue. Mr. Minogue testified that at the time in question, the Tiverton Police Department was utilizing only one certified *Page 2 
instrument bearing the serial number 68-013382. He explained that, in error, he assigned the 68-010642 number to the certified machine, a number which should have been erased from the DOH's reference board. Mr. Minogue candidly acknowledged that he did not "physically inspect" the machine to "check for" serial numbers. Moreover, Mr. Minogue straightforwardly confirmed that only one of the five Tiverton Inspection Reports was a "truly accurate document." (Joint Ex. 1F.) The witness explained as follows: (1) the February 5, 2009 report (Joint Ex. 1A) lists an incorrect serial number; (2) the March 3, 2009 report (Joint Ex. 1B) lists an incorrect serial number; (3) the April 3, 2009 report (Joint Ex. 1C) lists a correct serial number but erroneously characterizes the machine as a "health department loaner instrument"; (4) the May 1, 2009 report (Joint Ex. 1D) is erroneous in both the serial number and "loaner instrument" designation; (5) the May 28, 2009 report (Joint Ex. 1E) bears the correct serial number but, again, erroneously references a "loaner instrument"; and (6) the June 25, 2009 report (Joint Ex. 1F) is the only wholly correct report.
Our Supreme Court has held that "before the results of a chemical analysis may be admitted . . . the prosecution must satisfy the foundational requirements that are set forth in § 31-27-2(c)."State v. Ensey, 881 A.2d 81, 86-87 (R.I. 2005). InEnsey, the DOH's agent explained in detail how the testing of an Intoxilyzer 5000 is "actually carried out." Id. at 90. In that case, however, she further confirmed that the machine she "tested and certified matched the serial number of the machine that [the officer] used to administer the breath test to [the defendant]." Id. at 91 n. 21. The evidentiary bottom line in the instant case is that the pertinent certification (Joint Ex. 1D) certifies a machine bearing a different serial number and is designated as a "loaner instrument." This error in transcription, however inadvertent, combined with the acknowledged inaccuracy of an additional four of the six reports, raises the spectre of unreliability. *Page 3 
Due to the lack of precision in certification, which this Court believes is mandated by the statute as a foundational requirement to admissibility, the Court is compelled to grant the Defendant's motion to suppress.
Counsel shall prepare an order in conformance with this Decision.